The Disciplinary Review Board having filed with the Court its decision in DRB 17-144, concluding on the record certified to the Board pursuant to Rule 1:20-4(f)(default by respondent), that James D. Brady of Merchantville, who was admitted to the bar of this State in 1982, should be suspended from the practice of law for a period of three months for violating RPC 1.4(b) (failure to communicate with client), RPC 1.5(c) (on conclusion of contingent fee matter, failure to provide the client with a written statement of the outcome of the matter and, if there was a recovery, showing *499 the remittance to the client and the method of its determination), RPC 1.15(a) (failure to hold client funds separate from the lawyer's funds), RPC 7.3(d) (giving something of value to a person for recommending the lawyer's services), and RPC 8.1(b) (failure to cooperate with disciplinary authorities);
And James D. Brady having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined;
And good cause appearing;
**222 It is ORDERED that James D. Brady is suspended from the practice of law for a period of three months, effective October 26, 2018, and until the further Order of the Court; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.